IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-621 |
| GLEN JOSEPH | : | |

**ORDER**

      Defendant was charged by superseding indictment with two counts of making threats against a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B), one count of making threats against the President of the United States, in violation of 18 U.S.C.§ 871(a) and six counts of interstate communication of threats, in violation of 18 U.S.C. § 875(c). Presently before the Court are the defendant's motion to dismiss the indictment and the defendant's motion for admission at time of trial of testimony regarding government microwave surveillance. The Court heard oral argument on the motions on January 9, 2017. During the argument, the Court admitted as part of the record a handwritten letter from defendant. For the reasons that follow, the motions are denied.

      In his motion to dismiss, defendant essentially admits to posting the threats on his Facebook account, but claims they were made not to intimidate anyone, but rather as a public service to notify the public about the government's covert microwave surveillance program. (ECF 58.)

      As our Court of Appeals has explained, "[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir.2000) (citations omitted). "The government is entitled to marshal and present its evidence at trial, and have its sufficiency

tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." Id. at 661. *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

Defendant has also moved for the admission of testimony concerning government use of microwave technology. However, defendant not proffer what testimony he wishes to present or on what foundation such testimony is based. Only when defendant specifies the witnesses he wishes to produce and the evidence he wishes to present will the issue be properly before the Court.

Accordingly, it is hereby ORDERED that:

1. The defendant's motion to dismiss [Doc. 58] is DENIED.
2. The defendant's motion for admission at time of trial of testimony regarding government microwave surveillance [Doc. 58] is DENIED.

BY THE COURT:

*s/s JEFFREY L. SCHMEHL*___
JEFFREY L. SCHMEHL, J.

JANUARY 11, 2017