THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-621 |
| GLEN JOSEPH | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

I.  **BACKGROUND**

The defendant, Glen Joseph, was convicted by a jury of all counts of the nine count Superseding Indictment, arising from his persistent campaign of threats against law enforcement and other public officials. He now comes before the Court to be sentenced.

The offense conduct is accurately described in the PSR at ¶¶ 7-31, pp. 4-8. In sum, Joseph published on the internet multiple threats against a female FBI special agent, who was to be raped and strangled to death; a man he thought to be an agent, who was to be beheaded; a state court judge and the judge's wife, who were to be killed, and the President. He had previously been convicted of similar behaviors in the Lehigh County Court of Common Pleas.

II.  **THE SENTENCING CALCULATION**

    A.    Statutory Maximum Sentence:

The PSR accurately recites the statutory maximum sentences at ¶¶ 104, 107, and 113-114. In sum, the Court could impose a total of 145 years imprisonment; three years' supervised release, a $2,250,000 fine, and a $900 special assessment.

    B.    Sentencing Guidelines Calculation:

The government agrees with the guidelines calculations presented in the PSR; that is, the defendant is properly assigned to Criminal History Category III, with an offense level of 24, yielding a recommended guideline range of 63 to 78 months. The government recommends a

sentence of 78 months, with a recommendation from the Court that Joseph receive mental health treatment.

    C.    <u>The 18 U.S.C. § 3553(a) factors:</u>

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence in this case is one falling within the recommendation set out above.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third

D. Consideration of the 3553(a) Factors.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant:

Joseph's violation of law in this case was serious. His threats of rape and murder against public servants and their families, including members of law enforcement, a judge, and two prosecutors, struck at the heart of the justice system. Because of Joseph's threats, resources that would have otherwise gone towards the administration of justice were instead squandered on investigating Joseph, and seeing to it that he was stopped before he could act against those he threatened. His misguided, bizarre motive for those threats does not change anything.

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

Joseph published his threats on the internet for all the world to see. He freely admits that his goal was to get attention from as many people as possible. A guideline sentence will promote respect for the law by demonstrating to those watching that threats such as these will draw a stern punishment.

(3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant:

Joseph has demonstrated that he is a recidivist, likely to repeat the same behaviors for which he has been convicted both in this case and in the state courts. A guideline sentence of incarceration is the only means by which the public may be protected from further crimes.

(4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner:

---

Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

Joseph is undeniably in need of intensive, long term, custodial mental health treatment. The PSR shows that he has been committed on several occasions; and that he has been diagnosed with an assortment of mental illnesses ranging from hyperactivity to schizophrenia. PSR¶¶ 92-98. He can best receive this treatment while serving a guideline sentence at a suitable BOP facility.

> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

The government believes that this sentence would be consistent with others similarly situated.

> (6) the need to provide restitution to any victims of the offense:

There is no restitution in this case.

## III. JOSEPH'S ARGUMENT FOR A DEPARTURE FOR ACCEPTANCE OF RESPONSIBILITY:

Joseph argues that he is entitled to a reduction for acceptance of responsibility under USSG § 3E1.1. The government disagrees. In his pretrial Motion to Dismiss, Joseph claimed that he was not guilty of the charges against him because he lacked the intent that his posted comments would be considered threats. Document 58, p2. In going trial, Joseph again asserted that he lacked the intent necessary to commit the crimes charged in the indictment. Rather, he asserted that he intended only to draw attention to an imaginary government program. See, defendant's Trial memorandum, Document 87, pp. 1,2. By denying the essential element of intent, Joseph disqualified himself from eligibility for the benefits of § 3E1.1.

Application Note 2 of USSG 3 states that

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare

situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct.

By claiming that he lacked the intent required to commit the crimes in the Indictment, Joseph contested a factual element of the offenses. He was thus clearly acting in a manner inconsistent with acceptance of responsibility. *See, e.g., United States v. Roy,* 375 F.3d 21, 25 (1st Cir.2004) (upholding denial of § 3E1.1 adjustment based on defendant's "continued insistence that he acted without the requisite criminal intent"); *United States v. Gilbertson*, 435 F.3d 790, 799 (7th Cir.2006) (upholding denial of § 3E1.1 adjustment where defendant went to trial to contend he lacked requisite intent); *United States v. Sweesy*, 272 F.3d 581 (8th Cir.2001) (per curiam) (Bright, J., dissenting); *United States v. Johal*, 428 F.3d 823, 830 (9th Cir.2005) (upholding denial of § 3E1.1 adjustment where defendant at sentencing did not admit intent); *United States v. Mohrbacher*, 182 F.3d 1041, 1052–53 (9th Cir.1999) (upholding denial of § 3E1.1 adjustment when defendant denied requisite intent at sentencing); *United States v. Lindholm*, 24 F.3d 1078, 1087 (9th Cir.1994) (upholding denial of § 3E1.1 adjustment when defendant denied fraudulent intent); *United States v. Saffo*, 227 F.3d 1260, 1272 (10th Cir.2000) (going to trial with non-good faith denial of intent not consistent with acceptance of responsibility); *United States v. Starks*, 157 F.3d 833, 840 (11th Cir.1998) (defendant who denies fraudulent intent is making a factual, rather than a legal, challenge to the government's criminal allegations that precludes an adjustment for acceptance of responsibility).

**IV.    CONCLUSION**

In light of the above, the government recommends that the Court impose a guideline sentence of 78 months, with a recommendation from the Court that Joseph receive mental health treatment.

Respectfully submitted,
WILLIAM M. McSWAIN
*United States Attorney*


s/Joseph A. LaBar
JOSEPH A. LaBAR
*Assistant United States Attorney*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Government's Sentencing Memorandum has been served this date via ECF to the following defense counsel:

Peter David Maynard
530 Walnut Street
Reading, PA 19601-3419
pdm530@aol.com

s/Joseph A. LaBar
JOSEPH A. LaBAR
Assistant United States Attorney

Date: July 10, 2018