IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 14-621 |
| GLEN JOSEPH | : |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant GLEN JOSEPH, by and through his attorney, Peter David Maynard, Esq. respectfully files the following:

I. PROCEDURAL HISTORY

See the Presentence Investigation Report of June 13, 2018 and Revised Report dated June 27, 2018 as to the charges filed against the Defendant. The Reports were prepared by Joseph A. Petrarca, U. S. Probation Officer.

The Defendant was convicted on April 10, 2018 after trial by jury on nine counts involving threats posted on the internet.

II. PRESENTENCE INVESTIGATION REPORT

Glen Joseph does not dispute the mathematical accuracy of the calculations contained in the PSIR, however there is an objection regarding the failure to give Mr. Joseph a three point reduction for acceptance of responsibility. As noted in Defendant's Objections attached to the Revised PSIR, the Defendant has never denied making the posts in question, and in fact testified

under oath at both the pre-trial hearing and trial he had made the posts. He has always accepted responsibility for making the posts in question. Mr. Joseph's motive in making the posts was to draw public attention to an operation being conducted by the Federal Bureau of Investigation entitled Operation Sleepwalk. The Defendant was acting as a modern day Paul Revere to alert the general populace as the dangers and conduct of the FBI in running this program.

III. LEGAL STANDARD AND ANALYSIS

The Supreme Court of the United States has, since the case of *United States v. Booker,* consistently underscored the "advisory", non-mandatory nature of the Guidelines as applied by the bare reading of the Presentence Investigation Report. *United States v. Booker,* 543 U.S. 220, 245 (2005).

A sentencing court "must calculate a defendant's guideline range, but may only use that range as a starting point for determining a *reasonable sentence* based on an individualized assessment of the factors set forth in 18 U.S.C. Section 3553(a), in order to arrive at a sentence that is *sufficient* but not greater than necessary." *United States v. Dillon,* 572 F.3d 146, 148 (3d Cir. 2009) (emphasis added). The applicable Section 3553 factors are:

(a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(a)(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, (a)(6) addresses the need to avoid unwarranted sentence disparities while (a)(7) deals with restitution.

Glen Joseph urges this Court to apply the various factors noted, as well as the unique circumstances in this case, to impose a sentence of forty-four months, or time served, which is

below the Guideline range of 63 to 78 months without any reduction for acceptance of responsibility. The Guideline range with a 3 point reduction is 46 months to 57 months.

It should be noted the Defendant's criminal history score of five, resulting in a criminal history category of III, is based on a single conviction in the Court of Common Pleas of Lehigh County, Pennsylvania in 2013 for terroristic threats and harassment. The facts in that case are much like those in the instant matter. The Defendant would contend the criminal history score overstates the Defendant's prior involvement with the criminal justice system. Mr. Joseph did not enter the criminal justice system until he was 43 years old, with the exception of charges which were dismissed in 2001. This overemphasis of his prior record results in an inflated Guideline range in this matter. The Criminal History Category of III is objectively unreasonable in light of the Defendant's actual prior criminal conduct.

Case law, and the Section 3553(a) factors, require a deeper look into not just the person to be sentenced, but the reasonableness of the range itself as applied to Mr. Joseph. See *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

IV. SECTION 3553(a) FACTORS

(a)(1) Mr. Joseph posted threats involving various individuals on-line. He never attempted to carry out any of the posted threats nor did he encourage others to do so. Mr. Joseph never caused any physical harm to anyone at any time. His motive for making the posts was to draw as much attention as possible to Operation Sleepwalk and other nefarious programs he believed the FBI to be conducting. Mr. Joseph believes the FBI continues to conduct such programs on the general population, at taxpayer expense. His goal is to secure a cessation of these programs.

Mr. Joseph's history reveals a troubled psychiatric past, confirmed by the forensic evaluations conducted by Dr. Voskanian, Dr. Kissin and Dr. Wadsworth, all of which have been entered in the record. Counsel would ask to the Court to review these reports as they provide valuable insight on the Defendant, his past and current beliefs, and his medical history.

Of the (a)(2) factors, by far the most important is (D), medical care. Mr. Joseph requires intensive, on-going care and treatment which can be better administered if he is under the supervision of the U. S. Probation Office. Counsel would contend that given the nature of the

"care" provided to date in the federal system, Mr. Joseph's needs will be ill met if confined in a federal penal institution.

V.  INTENT

While the Defendant's intent in making the posts may be misguided, Mr. Joseph was acting out of a firmly held belief that the public at large needed to be informed of the FBI's programs and to warn citizens of the United States as to the type of activity engaged in by their government.

The Defendant would contend he had a good faith reason for proceeding to trial, and his reason justified a trial in the instant matter.

VI.  PROBATION/PAROLE VIOLATION

At the time he made the on-line posts in this matter, the Defendant was serving a sentence imposed in the Court of Common Pleas of Lehigh County in Criminal Action No. 5533-2012 by the Honorable Robert L. Steinberg.  Some of the posts were directed to and concerned Judge Steinberg.  On January 14, 2014 the Defendant was sentenced to time served to 23 months incarceration, followed by two years of probation.  A parole/probation violation will be held after sentence is imposed in this matter and it is anticipated the Defendant will be re-sentenced to a term of imprisonment of at least 12 months.

Mr. Joseph would request that, in accord with *Setser v. United States*, 132 S.Ct. 1463 (2012) and *United States v. Hopkins*, 2013 U.S. Dist. LEXIS 69811, 10-11, 2013 WL 2147793 (M.D. Pa. May 16, 2013), any additional sentence of incarceration imposed in this matter be ordered to run concurrently with that to be imposed in the parole/probation violation proceedings to be held in Lehigh County.  The Defendant would also ask the Court take into consideration this additional state sentence in fashioning an appropriate sentence in this action.

VII.  CONCLUSION

For the foregoing reasons, and in consideration of the psychiatric evaluations of record, counsel would submit a time served sentence, followed by a lengthy period of supervised release with medical care and treatment required, would be appropriate in this matter.  It is highly doubtful

the Defendant will received the appropriate care, treatment, counseling and medication required and indicated in this matter if he is subjected to a further period of incarceration.

Respectfully submitted:

/s/_____

PETER DAVID MAYNARD

Attorney for the Defendant

530 Walnut Street

Reading, PA 19601

610-375-9733

pdm530@AOL.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Sentencing Memorandum has been served this date via ECF to the following:

Joseph A. LaBar

Assistant United States Attorney

Date: July 12, 2018         /s/_____
                            PETER DAVID MAYNARD